[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas G. Race, age 50, and the defendant, Regina C. Rice, age 50, whose maiden name was Regina C. Glovaski, were married December 19, 1970 at Bridgeport, Connecticut. There CT Page 8287 are no minor children issue of the marriage.
At the time of the marriage, Mrs. Race was employed as a school teacher with the City of Bridgeport, where she continues to be employed. She received her college degree prior to the marriage, her master's degree in 1970 and her sixth year certificate in 1971-1972.
Immediately prior to their marriage, Dr. Race served two years in the military, stationed in Viet Nam. He was honorably discharged in 1970. Thereafter, he went back to complete his college education, attending Sacred Heart University full time for two years on the GI bill during this time, Mrs. Race provided all support. After Dr. Race's graduation from Sacred Heart, he took a plumbing apprentice job with a friend of Mrs. Race's family. Dr. Race shortly thereafter abandoned it.
In the mid-70's, Dr. Race began a three year full time curriculum at a chiropractic school on Long Island. Mrs. Race paid for one-half the tuition and the GI bill covered the remaining half. Mrs. Race again was the sole source of support during the time that Dr. Race attended school full time.
Upon graduation, Dr. Race opened up his first practice at 2112 North Avenue, Bridgeport, Connecticut. this was a two-family residence. The office as downstairs and the parties lived on the second floor. Approximately two to three years thereafter. Dr. Race moved his practice to Westport, Connecticut. That only lasted a coup of years. Thereafter, Dr. Race moved his practice to New Milford, Connecticut where he continues to practice.
In December, 1982, the parties purchased a residence at 4 Judson Circle Shelton, Connecticut where Mrs. Race continues to live and pay all of the bills. The purchase price as 492,500. The parties put down $20,000 from joint savings.
In 1984, Dr. Race left the marital residence with no intention of returning to the home on a permanent basis. At that time, Mrs. Race was earning approximately $31,000 per year and Dr. Race was earning approximately 50,000 per year. Dr. Race would return home from time to time for brief stays throughout the course of the next twelve years. Dr. Race contributed no money toward the household expenses, nor did he provide support to his wife. During the course of Dr. Race's absence, has had many relationships with various women. Two long-term CT Page 8288 relationships were with his office personnel, one being Rose Lambert and the other being Maureen Bovae.
At the time that Dr. Race abandoned the marriage, the only assets that the parties had were the house at 4 Judson Circle, which had an approximate net value of $20,000, the two-family house in Bridgeport, which had a net value of about $50,000, and a minimal amount in savings.
Mrs. Race has continued to work as a school teacher and has supported all expenses associated with the marital residence. She considers herself frugal and, by discipline and necessity, has been able to accumulate all of the assets listed on her financial affidavit without any assistance or contribution from her husband.
Of Mrs. Race's total assets, the $675,000 figure listed on Mrs. Race's financial affidavit came from a wrongful death lawsuit settlement. In 1994, Mrs. Race's entire family, including both her parents and brother were killed in an airplane accident. As settlement, Mrs. Race received $675,000 in September of 1995.
There is not question but that the marriage is irretrievably broken down. The cause of the breakdown rests solely with the plaintiff. In 1983, the parties suffered the tragic loss of a child born prematurely. Dr. Race was supportive of his wife for about ten days and then removed himself to New Milford. There have been no sexual relations between the parties since 1983. Their only contacts have been occasional social dinners and trips but the plaintiff has continued to live in New Milford in his office or at the home with another woman.
The defendant has an annual income of approximately $50,000.00 while the plaintiff claims an income of approximately $35,000.00. The husband's claim is not well founded in the court's opinion, since for ten months in 1995 his gross deposits were $164,534.78 and his expenses $43,663.00. In any event, the plaintiff has demonstrated a substantial earning capacity as has the defendant, so that the case does not call for an alimony award. Both parties are in reasonably good health, although the defendant is presently depressed and the plaintiff has a diabetes condition.
The plaintiff has savings and checking funds in the approximate amount of $6,000.00, a bond in the amount of CT Page 8289 $5,000.00 and is a joint owner with the defendant of a CIGNA 
CT. General real estate interest of $3,400.00. The defendant in addition to the CIGNa fund has $17,953.65 in Aim Weingarten and $20,921 in New York City General Obi; a Shamut IRA in the amount of $5,000; Franklin Valuemark retirement fund in the amount of $38,282; $82,000 in school pensions funds; and $57,239.04 TSA. The assets in the amount of $853,709.92 are from her parents' estate.
In addition the defendant owns the real estate, including 4 Judson Circle in Shelton valued at $150,000, with a $43,000 mortgage, leaving an equity of $107,000; one-half interest in 330-332 Bond Street, Bridgeport valued at $15,000 with a mortgage of $87,000 and a minus $36,000 equity; one half interest in 360 Fish Rock Road, Southbury, valued at $140,000, with a mortgage of $88,000 and an equity of $26,000. The plaintiff also concedes that he owes the defendant $5,500 on a loan.
Based upon the evidence including the fact that the cause of the breakdown rests solely with the plaintiff, the financial contributions of the defendant and the criteria set forth in General Statute 46b-81, the court finds that the marriage has irretrievably broken down and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. All of the following properties, which are currently in the defendant's name, shall remain the defendant's sole, exclusive property.
 4 Judson Circle, Shelton, CT. 360 Fish Rock Road, Southbury, Ct 330-332 Bond Street, Bridgeport, Ct.
3. All of the assets and income of the plaintiff's practice shall remain the plaintiff's and the defendant waives any and all interests therein.
4. The plaintiff shall retain all of the assets listed on his financial affidavit to the exclusion of the defendant. Likewise, the defendant shall retain all of the assets listed on her financial affidavit with the exception of the CIGNA and Connecticut General Real Estate Limited Partnerships, which shall become the property of the plaintiff. CT Page 8290
5. Neither party shall receive periodic alimony.
6. The defendant shall pay to the plaintiff lump sum alimony in the amount of Ten Thousand Dollars ($10,000.00).
7. Each party shall be responsible for the debts as listed on their financial affidavits and hold the other harmless and indemnified thereon.
8. The defendant shall release the plaintiff from any liability on the $5,500.00 loan.
7. The defendant shall cooperate to ensure that the plaintiff retains his eligibility to make his election for medical insurance benefits pursuant to COBRA. Such benefits shall be paid for by the plaintiff.
A decree may enter accordingly.
PICKETT, J.